THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* TEODORO FÉLIX VANTAPOOL, Defendant and Appellant.

No. 14061. Argued November 7, 1949.—Decided November 18, 1949.

*Luis C. Trigo* and *Juan Ramírez Viñas* for appellant. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Teodoro Félix Vantapool wounded Clara Pérez Otero on the left side of her face with a safety razor. For that reason the district attorney charged him with the crimes of mayhem and carrying weapons. The gist of the first offense was that the victim had "her face permanently disfigured" as a result of the wound received. Both informations were jointly heard and after a verdict of guilty was entered by the jury in the mayhem case, the court sentenced defendant from one to ten years' imprisonment at hard labor. In that of carrying weapons the court found him guilty on the same evidence and sentenced him to three months in jail. An appeal was taken from both judgments.

The defendant first contends that the lower court erred in not reducing the crime of mayhem to aggravated assault and battery. He relies mainly on the fact that there was no evidence tending to show that the victim had remained "with her face permanently disfigured."

■ Section 212 of the Penal Code, as amended by Act No. 174 of March 22, 1946 (Sess. Laws, p. 288), textually copied provides as follows:

*"Every person who unlawfully and maliciously deprives a human being of a member of his body,* or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear or lip, *disfigures his face* or permanently alters the appearance of his face or permanently renders useless his capacity to hear, see or talk, *is guilty of mayhem."* (Italics ours.)

From the very statute it is not clearly shown that for the disfigurement of the face to constitute the crime of mayhem it must be permanent. However, the intent of the lawmaker could have been no other. If it were not so, the slightest disfigurement of the face would have to be considered as constituting the crime, as for example, a blow or a scratch on the cheek. We hold, therefore, that in order that under the statute now in force the disfigurement of the face should constitute the crime of mayhem, the same must be of a permanent character.

■ Was the permanent disfigurement proved in this case? At the close of the direct examination of the prosecutrix the district attorney asked her to step down from the witness stand and show the jury the place where the defendant had wounded her. She consented and the district attorney made the following remark in loud voice: "A scar is shown on the left side of the face starting from a point behind the left temple along the width of the face and ending on the left jaw." The defendant raised no objection to that remark, therefore apparently acquiescing with his silence to the statement made by the district attorney. "To disfigure," according to the *Diccionario de la Lengua Española*, 16th ed., 1939, p. 438, means "to deface, to make ugly, blemish the composition, order, and beauty of the countenance and the features." According to the evidence introduced and to its

own observations the jury was entitled to conclude that the face or countenance of the prosecutrix Clara Pérez Otero had been left defaced, made ugly, blemished in its composition, order, and beauty, in other words, that it had been disfigured and also that the disfigurement had been permanent. 57 C.J.S. 472, § 11(a). The first error assigned was not committed.[1]

In the second place the appellant alleges that "the court erred in not instructing the jury regarding the elements of rape (sic),[2] it being its duty to instruct them only in connection with aggravated assault and battery." As the charge to the jury has not been sent up we are not in a condition to discuss this error. *Marrero* v. *Olmeda*, 69 P.R.R. 202, 207; *People* v. *Pérez*, 61 P.R.R. 456, 459; *People* v. *Marrero*, 57 P.R.R. 699, 700.

No error is charged by the defendant to the lower court in connection with the crime of carrying weapons, consequently, his appeal on that account should be dismissed. *People* v. *Díaz*, 69 P.R.R. 577, 585; *People* v. *Colón*, 68 P.R.R. 826, 827.

The judgments appealed from will be affirmed.

---

[1] For an interpretation of § 212 of the Penal Code prior to its amendment in 1946, see the case of *People* v. *Bertrán*, 64 P.R.R. 843.

[2] Undoubtedly the appellant desired to refer to the crime of mayhem and not to that of rape. It is so inferred from his discussion of the second error.